UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIM. NO. 1:12-CR-43 |
| | ) |
| v. | ) (Judge Caldwell) |
| | ) |
| NURA ZIADEH | ) (Electronically Filed) |

## PLEA AGREEMENT

The following plea agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the government in this agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendment, as interpreted by United States v. Booker, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.

1.   Plea of Guilty. The defendant agrees to plead guilty to Counts I through V of the Indictment, which charge the defendant with violations of Title 8, United States Code, Section 1324(a)(1)(A)(iii) and

Title 18, United States Code, Section 2, Harboring Illegal Aliens.   The

maximum penalty for each offense is imprisonment for a period of ten

years, a fine of $250,000, a maximum term of supervised release of up

to three years, to be determined by the court, which shall be served at

the conclusion of and in addition to any term of imprisonment, as well

as the costs of prosecution, imprisonment, probation, or supervised

release order, denial of certain federal benefits and an assessment in

the amount of $100.  At the time the guilty plea is entered, the

defendant shall admit to the court that the defendant is in fact guilty of

the offenses charged in those counts.  The defendant further agrees that

any legal and factual issues relating to the application of the federal

sentencing guidelines to the defendant's conduct, including facts that

support any specific offense characteristic or other enhancement or

adjustment and the appropriate sentence within the statutory

maximums provided for by law, will be determined by the court after

briefing, or a presentence hearing, or at a sentencing hearing.  After

sentencing, the United States will move for dismissal of any remaining

counts.  The defendant agrees, however, that the United States may at

its sole election reinstate any dismissed counts or seek additional

2

charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated, set aside, or invalidated by the district court or a ruling of an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this plea agreement.

2.    Supervised Release. The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.    Maximum Sentence. The defendant understands that the total, maximum possible sentence for all charges is the combination of

3

penalties described above: that is 20 years in prison and/or fines totaling $1,250,000, a term of supervised release to be determined by the court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $500.

4.   Fine. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.   Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the district court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

4

6.    Inmate Financial Responsibility Program.  If the court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    Special Assessment.  The defendant understands that the court will impose a special assessment of $500 pursuant to the provisions of Title 18, United States Code, Section 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court for the Middle District of Pennsylvania.  This check should be made payable to "Clerk, United States District Court." Counsel for the defendant shall provide a copy of the special assessment check or a clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement.  If the defendant

5

intentionally fails to make this payment, pays with an insufficient

funds check, or otherwise fails to comply with any of the requirements

of the United States Attorney's Office's Financial Litigation Unit

regarding the special assessment, it is understood that this failure may

be treated as a breach of this plea agreement and may result in further

prosecution or the filing of additional criminal charges, or a contempt

citation.

      8.   <u>Collection of Financial Obligations</u>.  In order to facilitate the

collection of financial obligations to be imposed in connection with this

case, defendant agrees fully to disclose all assets in which defendant

has an interest or over which defendant has control, directly or

indirectly, including those held by a spouse, nominee, or other third

party.  The defendant agrees, as a part of this agreement, to submit to

interviews by the United States Attorney's Office's Financial Litigation

Unit regarding the defendant's financial status and will promptly

submit a completed financial statement to the United States Attorney's

Office as directed.  Defendant agrees that the financial statement shall

be complete, accurate, and truthful.  As part of this process, the

defendant, whether represented by counsel or not, consents to contact

by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agrees to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Further, the defendant authorizes the United States Attorney's Office to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court. Additionally, pursuant to Title 18, United States Code, Section 3664(d)(3), the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the United States Probation Office with a copy to the United States Attorney's office.

9.   <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense

described above.  However, nothing in this agreement will limit

prosecution for criminal tax charges, if any, arising out of those

offenses.

     10.  <u>Acceptance of Responsibility–Three Levels</u>.  Counsel for the

defendant has affirmatively indicated to the United States Attorney's

Office that the defendant not only wishes to enter a plea of guilty, but

will clearly demonstrate a recognition and affirmative acceptance of

responsibility as required by the sentencing guidelines.  Additionally,

the defendant has assisted authorities in the investigation and

prosecution of his own misconduct by timely notifying authorities of his

intention to enter a plea of guilty, thereby permitting the government to

avoid preparing for trial and permitting the government and the court

to allocate its resources efficiently.  Accordingly, if the defendant can

adequately demonstrate this acceptance of responsibility to the

government, the United States Attorney's Office hereby moves at

sentencing that the defendant receive a three-level reduction in the

defendant's offense level for acceptance of responsibility.  The failure of

the Court to find that the defendant is entitled to this three-level

reduction shall not be a basis to void this plea agreement.

11.   Appropriate Sentence Recommendation.   At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12.   Specific Sentencing Guidelines Recommendations.  With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: **that the number of unlawful aliens harbored attributable to the defendant is no greater than 99 and no other specific offense characteristics apply.** The defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession which it

9

deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

13.    <u>Joint Plea Agreements</u>.  The defendant agrees and understands that an express condition of this plea agreement is that co-defendant, Rashid Ziadeh plead guilty to Counts III and V of the Indictment and that Mannatullah Ziadeh agree to be placed on pretrial diversion.  Failure of co-defendant Rashid Ziadeh to plead guilty to the charges in the Indictment will be grounds for the United States to rescind the plea agreement and proceed to trial against the defendant on charges returned by indictment of a grand jury.  In addition, the defendant agrees that the United States may at its sole election reinstate any dismissed counts in the event that the charges to which the co-defendant Rashid Ziadeh has pleaded guilty are subsequently vacated or set aside by the district court or any appellate court.  The defendant further agrees to waive any defenses to the reinstatement of those charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the co-defendant successfully vacates or sets aside any conviction imposed upon the information.

10

14. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

    a.    The defendant be prohibited from possessing a firearm or other dangerous weapon.

    b.    The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

    c.    The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

    d.    The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

    e.    The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

    f.    The defendant be confined in a community treatment center, halfway house or similar facility.

    g.    The defendant be placed under house detention.

    h.    The defendant be ordered to perform community service.

i.     The defendant be restricted from working in certain types of occupations or with certain individuals, if the government deems such restrictions to be appropriate.

j.     The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.     The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

l.     The defendant be denied certain federal benefits, including contracts, grants, loans, fellowships and licenses.

m.     The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15.    <u>Mandatory Restitution Act.</u> The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the

12

defendant can demonstrate to the satisfaction of the court that the

defendant's economic circumstances do not allow for the payment of full

restitution in the foreseeable future, in which case and the defendant

will be required to make partial restitution payments. The defendant

understands and agrees that the United States Attorney's Office, by

and through the Financial Litigation Unit, has the obligation and the

right to pursue any legal means, including but not limited to,

submission of the debt to the Treasury Offset Program to collect the full

amount of restitution owed to the victim(s) in a timely fashion. While

the defendant reserves the right to contest the amount of restitution

owed, the defendant agrees to take all steps to facilitate collection of

this restitution. Towards this goal, the defendant agrees to waive any

further notice of forfeiture and agrees that the United States at its sole

election may elect to pursue civil and/or criminal forfeiture in the

amount of the victim restitution owed in this case, and the court may

enter both a restitution order and a forfeiture judgment in the amount

of any unpaid restitution found due and owing by the court at the time

of sentencing in this matter. The defendant consents to the filing of any

civil complaint or superseding information which may be necessary to

13

perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case.  The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court.  The parties further agree that the government will recommend that any assets recovered through forfeiture proceedings will be remitted to crime victims to reduce the defendant's restitution obligation in this case.  The defendant acknowledges that the making of any payments does not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

     16.   <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

17.   <u>Objections to Presentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the presentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the presentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a presentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the

15

presentence report or the court's rulings, will not be grounds for

withdrawal of a plea of guilty.

18.   Victims' Rights. The defendant understands that pursuant

to the Victim and Witness Protection Act, the Justice for All Act, and

the regulations promulgated under those Acts by the Attorney General

of the United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused.

b.   The right to reasonable, accurate, and timely notice of
any public court proceeding or any parole proceeding,
involving the crime or of any release or escape of the
accused.

c.   The right not to be excluded from any such public court
proceeding unless the court, after receiving clear and
convincing evidence, determines that testimony by the
victim would be materially altered if the victim heard
other testimony at that proceeding.

d.   The right to be reasonably heard at any public
proceeding in the district court involving release, plea,
sentencing, or any parole proceeding.  The defendant
understands that the victim's comments and
recommendations at any of these proceedings may be
different than those of the parties to this agreement.

e.   The reasonable right to confer with the attorney for the
government in the case.  The defendant understands
that the victim's opinions and recommendations given
to the attorney for the government may be different
than those presented by the United States as a
consequence of this agreement.

16

f.     The right to full and timely restitution as provided for
       by law.  The attorney for the government is required to
       "fully advocate the rights of victims on the issue of
       restitution unless such advocacy would unduly prolong
       or complicate the sentencing proceeding," and the court
       is authorized to order restitution by the defendant
       including, but not limited to, restitution for property
       loss, economic loss, personal injury, or death.

g.     The right to proceedings free from unreasonable delay.

h.     The right to be treated with fairness and with respect
       for the victim's dignity and privacy.

19.   <u>Relevant Sentencing Information</u>. At the sentencing, the

United States will be permitted to bring to the court's attention, and the

court will be permitted to consider, all relevant information with

respect to the defendant's background, character and conduct, including

the conduct that is the subject of the charges which the United States

has agreed to dismiss, and the nature and extent of the defendant's

cooperation, if any.  The United States will be entitled to bring to the

court's attention, and the court will be entitled to consider, any failure

by the defendant to fulfill any obligation under this agreement.

20.   <u>Maximum Sentence</u>. The defendant understands that the

court is not a party to and is not bound by this agreement nor any

17

recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 50 years, a fine of $1,250,000, a maximum term of supervised release of up to 15 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $500.

21.   No Withdrawal of Plea Based on Sentence or Recommendations.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this agreement.

22.   Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate

18

proceeding at which any disclosures and documents provided by the

defendant shall be admissible and at which the United States shall be

required to establish any breach by a preponderance of the evidence.  In

order to establish any breach by the defendant, the United States is

entitled to rely on statements and evidence given by the defendant

during the cooperation phase of this agreement.

23.    <u>Remedies for Breach</u>. The defendant and the United States

agree that in the event the court concludes that the defendant has

breached the agreement:

    a.    The defendant will not be permitted to withdraw any
guilty plea tendered under this agreement and agrees
not to petition for withdrawal of any guilty plea;

    b.    The United States will be free to make any
recommendations to the court regarding sentencing in
this case;

    c.    Any evidence or statements made by the defendant
during the cooperation phase will be admissible at any
trials or sentencing;

    d.    The United States will be free to bring any other
charges it has against the defendant, including any
charges originally brought against the defendant or
which may have been under investigation at the time
of the plea.  The defendant waives and hereby agrees
not to raise any defense to the reinstatement of these

charges based upon collateral estoppel, double jeopardy or other similar grounds.

24.   Further Prosecution for Perjury, False Statement, Etc.

Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Sections 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Sections 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement.  Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

25.   No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any

20

claims for attorneys' fees and other litigation expenses arising out of the

investigation and prosecution of this matter. By the defendant's guilty

plea in this matter the defendant further acknowledges that the

government's position in this litigation was taken in good faith, had a

substantial basis in law and fact and was not vexatious.

26.   Direct Appeal Waiver. The defendant is aware that Title 18, United

States Code, Section 1291 affords a defendant the right to appeal a judgment of

conviction and sentence; and that Title 18, United States Code, Section 3742(a)

affords a defendant the right to appeal the sentence imposed. Acknowledging all

of this, the defendant knowingly waives the right to appeal the conviction and

sentence. This waiver includes any and all possible grounds for appeal, whether

constitutional or non-constitutional, including, but not limited to, the manner in

which that sentence was determined in light of United States v. Booker, 543 U.S.

220 (2005). The defendant further acknowledges that this appeal waiver is binding

only upon the defendant and that the United States retains its right to appeal in this

case.

27.   Non-Limitation on Government's Response. Nothing in this

agreement shall restrict or limit the nature or content of the United

States' motions or responses to any motions filed on behalf of the

defendant.  Nor does this agreement in any way restrict the government

in responding to any request by the court for briefing, argument or

presentation of evidence regarding the application of the sentencing

guidelines to the defendant's conduct, including but not limited to,

requests for information concerning possible sentencing departures.

28.    Agreement Not Binding on Other Agencies.  Nothing in this

agreement shall bind any other United States Attorney's Office, state

prosecutor's office or federal, state or local law enforcement agencies.

29.    Violation of Law While Plea or Sentence Pending.  The

defendant understands that it is a condition of this plea agreement that

the defendant refrain from any further violations of state, local or

federal law while awaiting plea and sentencing under this agreement.

The defendant acknowledges and agrees that if the government receives

information that the defendant has committed new crimes while

awaiting plea and/or sentencing in this case, the government may

petition the court and, if the court finds by a preponderance of the

evidence that the defendant has committed any other criminal offense

while awaiting plea or sentencing, the government shall be free at its

sole election to either: (A) withdraw from this agreement; or (B) make

any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

30.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31.   <u>Merger of All Prior Negotiations</u>. This document states the complete and only plea agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be

made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

32.   <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 4:00 p.m., March 15, 2013, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

33.   <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

3/15/2013
_____
Date

_____
Nura Ziadeh
Defendant


      I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

3/15/2013
_____
Date

_____
Edward J. McQuat
Richard Langweber
Counsel for Defendant


PETER J. SMITH
UNITED STATES ATTORNEY

03/18/2013
_____
Date

_____
Daryl F. Bloom
Assistant United States Attorney


*Revised 10/20/2012*
DFB/me
March 15, 2013/2010R00372


25